**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X

STEVEN MAKOWSKY,

Plaintiff,

-against-

COUNTY OF NASSAU; NASSAU COUNTY POLICE DEPARTMENT; NASSAU COUNTY POLICE OFFICERS NICOLE BETTES, JOSEPH CHECCO, and CHRISTOPHER COSTELLO (individually and in their capacity as employees of the Nassau County Police Department); SHERIFF'S DEPARTMENT COUNTY OF NASSAU; JOHN DOES "1 &2", (individually and in their capacity as employees of the Sheriff's Department County of Nassau); LAWRENCE-CEDARHURST FIRE DEPARTMENT, INC.; JOSHUA KIRSCHNER, (LCFD) AND DEPUTY CHIEF MEYER ADLER (LCFD) (individually and in their capacity as firefighters and employees of the Lawrence-Cedarhurst Fire Department),

Defendants.

--------------------------------------------------------------X

**CIVIL ACTION**

**CASE NO.: 24-cv-03156**

**ANSWER TO VERIFIED COMPLAINT**

Defendant JOSHUA KIRSCHNER, referred to herein as "Defendant", by his attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Verified Complaint herein as follows:

## JURISDICTION AND VENUE

1. Defendant denies the allegations contained in paragraph "1" of the Verified Complaint, and defendant has removed this complaint to the United States District Court, Eastern District of New York.

2. Defendant denies the allegations contained in paragraph “2” of the Verified Complaint, and defendant has removed this complaint to the United States District Court, Eastern District of New York.

## PARTIES

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph “3” of the Verified Complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph “4” of the Verified Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph “5” of the Verified Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph “6” of the Verified Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph “7” of the Verified Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph “8” of the Verified Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph “9” of the Verified Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph “10” of the Verified Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph “11” of the Verified Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Verified Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Verified Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Verified Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Verified Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Verified Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Verified Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Verified Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Verified Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Verified Complaint and refers all matters of law to the Court.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Verified Complaint and refers all matters of law to the Court.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Verified Complaint and refers all matters of law to the Court.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Verified Complaint and refers all matters of law to the Court.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Verified Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Verified Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Verified Complaint.

27. Defendant admits the truth of the allegations contained in paragraph "27" of the Verified Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Verified Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Deputy Chief Adler contained in paragraph "29" of the Verified Complaint. However, Defendant Kirschner admits that he received some form of compensation from his position as a firefighter for LCFD.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Deputy Chief Adler contained in paragraph "30" of the Verified

Complaint. However, with respect to Defendant Kirschner, Defendant admits that he was an employee and/or a volunteer of LCFD prior to February 7, 2023.

31. Defendant admits that LCFD and its Board operate in the State of New York. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Verified Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Verified Complaint.

## NATURE OF THE CASE

33. Defendant admits that Plaintiff appears to have alleged the causes of action stated in paragraph "33" of the Verified Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Verified Complaint and refers all matters of law to the Court.

35. Defendant denies the truth of each and every allegation contained in paragraph "35" of the Verified Complaint.

## NOTICE OF CLAIM

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Verified Complaint and refers all matters of law to the Court.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Verified Complaint and refers all matters of law to the Court.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Verified Complaint and refers all matters of law to the Court.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Verified Complaint and refers all matters of law to the Court.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Verified Complaint and refers all matters of law to the Court.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Verified Complaint and refers all matters of law to the Court.

**FACTS AND CIRCUMSTANCES**

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Verified Complaint.

43. Defendant denies the truth of each and every allegation contained in paragraph "43" of the Verified Complaint.

44. Defendant denies the truth of each and every allegation contained in paragraph "44" of the Verified Complaint.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Verified Complaint, except admits that Plaintiff and Defendant were inside the coffee/cheese store located at 532 Central Ave., Cedarhurst, New York at some point that morning.

46. Defendant admits the truth of the allegations contained in paragraph "46" of the Verified Complaint.

47. Defendant denies the truth of each and every allegation contained in paragraph "47" of the Verified Complaint.

48. Defendant denies the truth of each and every allegation contained in paragraph "48" of the Verified Complaint.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Verified Complaint, except admits that at some point, Plaintiff and Defendant left the coffee shop.

50. Defendant admits the truth of the allegations contained in paragraph "50" of the Verified Complaint.

51. Defendant admits the truth of the allegations contained in paragraph "51" of the Verified Complaint.

52. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Verified Complaint, except admits that at some point, Plaintiff and Defendant left the coffee shop.

53. Defendant admits the truth of the allegations contained in paragraph "53" of the Verified Complaint.

54. Defendant denies each and every allegation contained in paragraph "54" of the Verified Complaint.

55. Defendant denies each and every allegation contained in paragraph "55" of the Verified Complaint.

56. Defendant denies each and every allegation contained in paragraph "56" of the Verified Complaint.

57. Defendant admits the truth of the allegations contained in paragraph "57" of the Verified Complaint

58. Defendant denies each and every allegation contained in paragraph "58" of the Verified Complaint

59. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Verified Complaint

60. Defendant denies each and every allegation contained in paragraph "60" of the Verified Complaint.

61. Defendant denies each and every allegation contained in paragraph "61" of the Verified Complaint.

62. Defendant denies each and every allegation contained in paragraph "62" of the Verified Complaint

63. Defendant denies the allegation contained in paragraph "63" that Plaintiff was "trapped" by Defendant Kirschner. Defendant admits that Plaintiff's coffee entered the SUV.

64. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Verified Complaint.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the Verified Complaint.

66. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the Verified Complaint.

67. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Verified Complaint.

68. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" of the Verified Complaint.

69. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of the Verified Complaint.

70. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Verified Complaint.

71. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "71" of the Verified Complaint.

72. Defendant denies each and every allegation contained in paragraph "72" of the Verified Complaint.

73. Defendant denies each and every allegation contained in paragraph "73" of the Verified Complaint.

74. Defendant denies each and every allegation contained in paragraph "74" of the Verified Complaint.

75. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Verified Complaint.

76. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" of the Verified Complaint, except Defendant denies any allegations asserted against Defendant contained in paragraph "76".

77. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "77" of the Verified Complaint, except Defendant denies any allegations of assault by Defendant contained in paragraph "77".

78. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "78" of the Verified Complaint.

79. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of the Verified Complaint.

80. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Verified Complaint.

81. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Verified Complaint, including sub-paragraphs "a-k," as the allegations are not directed to Defendant.

82. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Verified Complaint, as the allegations are not directed to Defendant.

83. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "83" of the Verified Complaint, as the allegations are not directed to Defendant.

84. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "84" of the Verified Complaint, as the allegations are not directed to Defendant.

**NEW YORK STATE ATTORNEY GENERAL'S PRIOR INVESTIGATION INTO NCPD AND BETTES**

85. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "85" of the Verified Complaint, as the allegations are not directed to Defendant.

86. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the Verified Complaint, as the allegations are not directed to Defendant.

87. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the Verified Complaint, as the allegations are not directed to Defendant, except to admit that the quoted statements appear in Plaintiff's Exhibit A.

88. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Verified Complaint, as the allegations are not directed to Defendant, except to admit that the quoted statements appear in Plaintiff's Exhibit A.

89. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "89" of the Verified Complaint, as the allegations are not directed to Defendant, except to admit that the quoted statements appear in Plaintiff's Exhibit A.

90. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Verified Complaint, as the allegations are not directed to Defendant, except to admit that the quoted statements appear in Plaintiff's Exhibit A.

91. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "91" of the Verified Complaint, as the allegations are not directed to Defendant, except to admit that the quoted statements appear in Plaintiff's Exhibit A.

92. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the Verified Complaint, as the allegations are not directed to Defendant, except to admit that the quoted statements appear in Plaintiff's Exhibit A.

93. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "93" of the Verified Complaint, as the allegations are not directed to Defendant.

94. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "94" of the Verified Complaint, as the allegations are not directed to Defendant, except to admit that the quoted statements appear in Plaintiff's Exhibit C.

95. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the Verified Complaint, as the allegations are not directed to Defendant, except to admit that the quoted statements appear in Plaintiff's Exhibit C.

96. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "96" of the Verified Complaint, as the allegations are not directed to Defendant, except to admit that the quoted statements appear in Plaintiff's Exhibit C.

97. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "97" of the Verified Complaint, as the allegations are not directed to Defendant, except to admit that the quoted statements appear in Plaintiff's Exhibit C.

98. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "98" of the Verified Complaint, as the allegations are not directed to Defendant.

99. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "99" of the Verified Complaint, as the allegations are not directed to Defendant.

**CONTINUING WRONGFUL ACTS AGAINST PLAINTIFF DUE TO HIS RELIGION**

100. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "100" of the Verified Complaint, as the allegations are not directed to Defendant, and refers all matters of law to the Court.

101. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "101" of the Verified Complaint, as the allegations are not directed to Defendant.

102. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "102" of the Verified Complaint, as the allegations are not directed to Defendant.

103. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "103" of the Verified Complaint, as the allegations are not directed to Defendant, and refers all matters of law to the Court.

**<u>LACK OF ACCOUNTABILITY BY THE DEFENDANT FOR THEIR TORTIOUS ACTS</u>**

104. Defendant denies each and every allegation contained in paragraph "104" of the Verified Complaint.

105. Defendant denies each and every allegation contained in paragraph "105" of the Verified Complaint.

106. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Deputy Chief Adler contained in paragraph "106" of the Verified Complaint. However, with respect to Defendant Kirschner, Defendant admits that he was not subject to discipline in connection with any events which took place on February 7, 2023.

107. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "107" of the Verified Complaint.

108. Defendant avers that paragraph "108" of the Verified Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits he was subject to the duties described in paragraph "108" of the Verified Complaint, but denies that he breached or violated any of those duties on February 7, 2023. Defendant further denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "108" of the Verified Complaint as directed to Co-Defendants.

109. Defendant avers that paragraph "109" of the Verified Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits he was subject to the duties described in paragraph "109" of the Verified Complaint, but denies that he breached or violated any of those duties on February 7, 2023. Defendant further denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "109" of the Verified Complaint as directed to Co-Defendants.

110. Defendant denies each and every allegation contained in paragraph "110" of the Verified Complaint.

111. Defendant denies each and every allegation contained in paragraph "111" of the Verified Complaint.

112. Defendant denies each and every allegation contained in paragraph "112" of the Verified Complaint.

113. Defendant denies each and every allegation contained in paragraph "113" of the Verified Complaint.

114. Defendant denies each and every allegation contained in paragraph "114" of the Verified Complaint.

115. Defendant denies each and every allegation contained in paragraph "115" of the Verified Complaint.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Assault)**
**(Defendant KIRSCHNER and LCFD)**

116. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 115 of this Answer with the same force and effect as if fully set forth at length herein.

117. Defendant denies each and every allegation contained in paragraph "117" of the Verified Complaint.

118. Defendant denies each and every allegation contained in paragraph "118" of the Verified Complaint.

119. Defendant denies each and every allegation contained in paragraph "119" of the Verified Complaint.

120. Defendant denies each and every allegation contained in paragraph "120" of the Verified Complaint, as Defendant denies committing any such actions, and Plaintiff's allegation of consent is inapplicable as the alleged actions did not occur.

121. Defendant denies each and every allegation contained in paragraph "121" of the Verified Complaint and refers all matters of law to the Court.

122. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "122" of the Verified Complaint and refers all matters of law to the Court.

123. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "123" of the Verified Complaint Defendant and refers all matters of law to the Court.

124. Defendant denies each and every allegation contained in paragraph "124" of the Verified Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Battery)**
**(Defendant KIRSCHNER and LCFD)**

125. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 124 of this Answer with the same force and effect as if fully set forth at length herein.

126. Defendant denies each and every allegation contained in paragraph "126" of the Verified Complaint.

127. Defendant denies each and every allegation contained in paragraph "127" of the Verified Complaint.

128. By reason of the forgoing, Defendant demands judgment dismissing the Verified Complaint herein, together with his costs and disbursements, and such other and further relief as this Court deems appropriate.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Assault)**
**(All Defendants Except John Doe #1, 2)**

129. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 128 of this Answer with the same force and effect as if fully set forth at length herein.

130. Defendant denies each and every allegation contained in paragraph "130" of the Verified Complaint.

131. Defendant denies each and every allegation contained in paragraph "131" of the Verified Complaint

132. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "132" of the Verified Complaint.

133. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "133" of the Verified Complaint.

134. Defendant denies each and every allegation contained in paragraph "134" of the Verified Complaint.

135. Defendant denies each and every allegation contained in paragraph "135" of the Verified Complaint.

136. Defendants admits that Plaintiff was taken into custody. Defendant denies the remaining allegations in paragraph "136" of the Verified Complaint.

137. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "137" of the Verified Complaint.

138. Defendant denies each and every allegation contained in paragraph "138" of the Verified Complaint.

139. Defendant denies each and every allegation contained in paragraph "139" of the Verified Complaint and refers all matters of law to the Court.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(False Imprisonment Under 42 U.S.C. §1983 and New York State Law)**
**(All Defendants Except John Doe #1, 2)**

140. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 139 of this Answer with the same force and effect as if fully set forth at length herein.

141. Defendant denies each and every allegation contained in paragraph "141" of the Verified Complaint.

142. Defendant denies each and every allegation contained in paragraph "142" of the Verified Complaint and refers all matters of law to the Court.

143. Defendant denies each and every allegation contained in paragraph "143" of the Verified Complaint and refers all matters of law to the Court.

144. Defendant denies each and every allegation contained in paragraph "144" of the Verified Complaint and refers all matters of law to the Court.

145. Defendant denies each and every allegation contained in paragraph "145" of the Verified Complaint and refers all matters of law to the Court.

146. Defendant denies each and every allegation contained in paragraph "146" of the Verified Complaint and refers all matters of law to the Court.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Assault)**
**(All Defendants Except John Doe #1, 2)**

147. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 146 of this Answer with the same force and effect as if fully set forth at length herein.

148. Defendant denies each and every allegation contained in paragraph "148" of the Verified Complaint.

149. Defendant denies each and every allegation contained in paragraph "149" of the Verified Complaint.

150. Defendant denies each and every allegation contained in paragraph "150" of the Verified Complaint and refers all matters of law to the Court.

151. Defendant denies each and every allegation contained in paragraph "151" of the Verified Complaint and refers all matters of law to the Court.

152. Defendant denies each and every allegation contained in paragraph "152" of the Verified Complaint and refers all matters of law to the Court.

153. Defendant denies each and every allegation contained in paragraph "153" of the Verified Complaint and refers all matters of law to the Court.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Negligence)**
**(All Defendants)**

154. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 153 of this Answer with the same force and effect as if fully set forth at length herein.

155. Defendant denies each and every allegation contained in paragraph "155" of the Verified Complaint and refers all matters of law to the Court.

156. Defendant denies each and every allegation contained in paragraph "156" of the Verified Complaint and refers all matters of law to the Court.

157. Defendant denies each and every allegation contained in paragraph "157" of the Verified Complaint and refers all matters of law to the Court.

158. Defendant denies each and every allegation contained in paragraph "158" of the Verified Complaint and refers all matters of law to the Court.

159. Defendant denies each and every allegation contained in paragraph "159" of the Verified Complaint and refers all matters of law to the Court.

160. Defendant avers that paragraph "160" of the Verified Complaint contains conclusions of law to which no response is required. Moreover, by reason of the foregoing, Defendant demands dismissal of the Verified Complaint, with costs and reasonable attorneys' fees.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Negligent Hiring, Training, and Supervision)**
**(COUNTY OF NASSAU, NCPD, SHERIFF'S DEPARTMENT AND LCD)**

161. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 160 of this Answer with the same force and effect as if fully set forth at length herein.

162. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "162" of the Verified Complaint, as the allegations are not directed to Defendant. To the extent a response is required, Defendant denies each and every allegation contained in paragraph "162" of the Verified Complaint.

163. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "163" of the Verified Complaint, as the allegations

are not directed to Defendant. To the extent a response is required, Defendant denies each and every allegation contained in paragraph "163" of the Verified Complaint.

164. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "164" of the Verified Complaint, as the allegations are not directed to Defendant. To the extent a response is required, Defendant denies each and every allegation contained in paragraph "164" of the Verified Complaint.

165. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "165" of the Verified Complaint, as the allegations are not directed to Defendant. To the extent a response is required, Defendant denies each and every allegation contained in paragraph "165" of the Verified Complaint.

166. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "166" of the Verified Complaint, as the allegations are not directed to Defendant. To the extent a response is required, Defendant denies each and every allegation contained in paragraph "166" of the Verified Complaint.

167. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "167" of the Verified Complaint, as the allegations are not directed to Defendant. To the extent a response is required, Defendant denies each and every allegation contained in paragraph "167" of the Verified Complaint.

168. Defendant avers that paragraph "168" of the Verified Complaint contains conclusions of law to which no response is required. Moreover, by reason of the foregoing, Defendant demands dismissal of the Verified Complaint, with costs and reasonable attorneys' fees.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**(Unlawful Search and Seizure Under U.S.C. § 1983 and NYS Law)**
**(All Defendants Except John Doe #1, 2)**

169. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 168 of this Answer with the same force and effect as if fully set forth at length herein.

170. Defendant denies each and every allegation contained in paragraph "170" of the Verified Complaint and refers all matters of law to the Court.

171. Defendant denies each and every allegation contained in paragraph "171" of the Verified Complaint and refers all matters of law to the Court.

172. Defendant denies each and every allegation contained in paragraph "172" of the Verified Complaint and refers all matters of law to the Court.

173. Defendant denies each and every allegation contained in paragraph "173" of the Verified Complaint and refers all matters of law to the Court.

174. Defendant denies each and every allegation contained in paragraph "174" of the Verified Complaint and refers all matters of law to the Court.

175. Defendant denies each and every allegation contained in paragraph "175" of the Verified Complaint and refers all matters of law to the Court.

176. Defendant denies each and every allegation contained in paragraph "176" of the Verified Complaint and refers all matters of law to the Court.

177. Defendant avers that paragraph "177" of the Verified Complaint contains conclusions of law to which no response is required. Moreover, by reason of the foregoing, Defendant demands dismissal of the Verified Complaint, with costs and reasonable attorneys' fees.

**AS AND FOR A NINTH CAUSE OF ACTION**
**(Deprivation of Rights and Denial of Equal Protection of Laws under New York State law)**

178. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 177 of this Answer with the same force and effect as if fully set forth at length herein.

179. Defendant denies each and every allegation contained in paragraph "179" of the Verified Complaint.

180. Defendant denies each and every allegation contained in paragraph "180" of the Verified Complaint.

181. Defendant denies each and every allegation contained in paragraph "181" of the Verified Complaint.

182. Defendant denies each and every allegation contained in paragraph "182" of the Verified Complaint.

183. Defendant denies each and every allegation contained in paragraph "183" of the Verified Complaint.

184. Defendant denies each and every allegation contained in paragraph "184" of the Verified Complaint and refers all matters of law to the Court.

185. Defendant denies each and every allegation contained in paragraph "185" of the Verified Complaint and refers all matters of law to the Court.

186. Defendant avers that paragraph "186" of the Verified Complaint contains conclusions of law to which no response is required. Moreover, by reason of the foregoing, Defendant demands dismissal of the Verified Complaint, with costs and reasonable attorneys' fees.

**AS AND FOR A TENTH CAUSE OF ACTION**
**(Conspiracy to Interfere with Civil Rights and Failure to Prevent the Conspiracy Under 42 U.S.C. §§ 1983, 1985 and 1986)**

187. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 186 of this Answer with the same force and effect as if fully set forth at length herein.

188. Defendant denies each and every allegation contained in paragraph "188" of the Verified Complaint and refers all matters of law to the Court.

189. Defendant denies each and every allegation contained in paragraph "189" of the Verified Complaint and refers all matters of law to the Court.

190. Defendant denies each and every allegation contained in paragraph "190" of the Verified Complaint and refers all matters of law to the Court.

191. Defendant denies each and every allegation contained in paragraph "191" of the Verified Complaint and refers all matters of law to the Court.

192. Defendant denies each and every allegation contained in paragraph "192" of the Verified Complaint and refers all matters of law to the Court.

193. Defendant denies each and every allegation contained in paragraph "193" of the Verified Complaint and refers all matters of law to the Court.

194. Defendant denies each and every allegation contained in paragraph "194" of the Verified Complaint and refers all matters of law to the Court.

195. Defendant avers that paragraph "195" of the Verified Complaint contains conclusions of law to which no response is required. Moreover, by reason of the foregoing, Defendant demands dismissal of the Verified Complaint, with costs and reasonable attorneys' fees.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
**(Failure to Intervene Under New York State Law)**

196. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 195 of this Answer with the same force and effect as if fully set forth at length herein.

197. Defendant denies each and every allegation contained in paragraph "197" of the Verified Complaint and refers all matters of law to the Court.

198. Defendant denies each and every allegation contained in paragraph "198" of the Verified Complaint and refers all matters of law to the Court.

199. Defendant avers that paragraph "199" of the Verified Complaint contains conclusions of law to which no response is required. Moreover, by reason of the foregoing, Defendant demands dismissal of the Verified Complaint, with costs and reasonable attorneys' fees.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
**(Failure to Intervene under 42 U.S.C. § 1983)**

200. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 199 of this Answer with the same force and effect as if fully set forth at length herein.

201. Defendant denies each and every allegation contained in paragraph "201" of the Verified Complaint and refers all matters of law to the Court.

202. Defendant denies each and every allegation contained in paragraph "202" of the Verified Complaint and refers all matters of law to the Court.

203. Defendant avers that paragraph "203" of the Verified Complaint contains conclusions of law to which no response is required. Moreover, by reason of the foregoing, Defendant demands dismissal of the Verified Complaint, with costs and reasonable attorneys' fees.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
**(Due Process/Fabrication of Evidence Claim Under 42 U.S.C. § 1983)**

204. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 203 of this Answer with the same force and effect as if fully set forth at length herein.

205. Defendant denies each and every allegation contained in paragraph "205" of the Verified Complaint and refers all matters of law to the Court.

206. Defendant denies each and every allegation contained in paragraph "206" of the Verified Complaint and refers all matters of law to the Court.

207. Defendant denies each and every allegation contained in paragraph "207" of the Verified Complaint.

208. Defendant denies each and every allegation contained in paragraph "208" of the Verified Complaint.

209. Defendant avers that paragraph "209" of the Verified Complaint contains conclusions of law to which no response is required. Moreover, by reason of the foregoing, Defendant demands dismissal of the Verified Complaint, with costs and reasonable attorneys' fees.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

210. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 209 of this Answer with the same force and effect as if fully set forth at length herein.

211. Defendant denies each and every allegation contained in paragraph "211" of the Verified Complaint and refers all matters of law to the Court.

212. Defendant denies each and every allegation contained in paragraph "212" of the Verified Complaint.

213. Defendant avers that paragraph "213" of the Verified Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in paragraph "213" of the Verified Complaint.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**

214. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 213 of this Answer with the same force and effect as if fully set forth at length herein.

215. Defendant denies each and every allegation contained in paragraph "215" of the Verified Complaint.

216. Defendant denies each and every allegation contained in paragraph "216" of the Verified Complaint.

217. Defendant avers that paragraph "217" of the Verified Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in paragraph "217" of the Verified Complaint.

**PUNITIVE DAMAGES**

218. Defendant repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 217 of this Answer with the same force and effect as if fully set forth at length herein.

219. Defendant denies each and every allegation contained in paragraph "219" of the Verified Complaint.

220. Defendant denies each and every allegation contained in paragraph "220" of the Verified Complaint.

221. Defendant denies each and every allegation contained in paragraph "221" of the Verified Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Any injuries suffered by plaintiff were caused solely by plaintiff's own wrongful and/or culpable conduct and not by any wrongful conduct of the Defendant, and this action by him is barred.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Any injuries suffered by plaintiff were caused, in part, by plaintiff's own negligence, culpable conduct, or wrongful intentional conduct, and any recovery by plaintiff must be diminished in proportion to that part of plaintiff's injuries attributable to plaintiff's own wrongful intentional conduct.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Any injuries suffered by plaintiff were not caused by a negligent or wrongful act or omission of Defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Summons and Complaint must be dismissed, in whole or in part, for failure to state a cause of action upon which relief may be granted.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

If plaintiff has sustained any damages in this matter, which Defendant denies, then defendants' liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Summons and Verified Complaint must be dismissed in whole or in part to the extent that some or all of plaintiff's claims, including plaintiff's New York State Law claims, are preempted and/or precluded by federal law.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that the plaintiff received remuneration and/or compensation for some or all of his claimed economic loss and that Defendant is entitled to have plaintiff's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to section 4545(c) of the civil practice law and rules.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Defendant is not a "state actor" for the purposes of federal or state causes of action.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant is frivolous.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Punitive damages may not be assessed against any of the defendants.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Defendant is entitled to qualified immunity.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is entitled to absolute immunity.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, either in whole or in part, because any acts and/or conduct of the defendants were privileged and justified.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's action against Defendant is barred since there was no practice or procedure by defendants that caused any of plaintiff's alleged injuries.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

The defendants sued in their official capacity had no notice of and no opportunity to respond to any alleged constitutional violations.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

The Defendant had no personal involvement in any alleged constitutional violations.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred on the ground that plaintiff's conduct violated applicable state criminal laws.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

Any injuries suffered by plaintiff were due to plaintiff's assumption of the risk based upon plaintiff's own culpable conduct.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

Any criminal proceeding against plaintiff commenced or participated in by defendants was based upon probable cause and was not due to malice.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

Any claim for punitive and/or exemplary damages is barred by the United States Constitution, including, inter alia, the Due Process, Equal Protection and Excessive Fines Clauses of the Constitution.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

At all times, defendants acted in good faith and without malice.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

At all times, any detention of plaintiff, if any, was in a reasonable manner and for a reasonable period of time.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants' use of physical force, if any, was at all times necessary, reasonable and privileged.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

At all times, defendants had probable cause to believe a crime had been committed or that defendants were otherwise justified in detaining plaintiff.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in detaining plaintiff.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

This matter should be stayed, in whole or in part, pursuant to 50 U.S.C.A. § 3932.

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendant did not discriminate against Plaintiff. Defendant's conduct with respect to the Plaintiff conformed to the requirements of all applicable statutes and applicable regulations.

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE**

Defendant reserves all rights to add additional affirmative defenses which may be ascertained in the course of discovery in this action.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST CODEFENDANTS COUNTY OF NASSAU; NASSAU COUNTY POLICE DEPARTMENT; NASSAU COUNTY POLICE OFFICERS NICOLE BETTES, JOSEPH CHECCO, and CHRISTOPHER COSTELLO (individually and in their capacity as employees of the Nassau County Police Department); SHERIFF'S DEPARTMENT COUNTY OF NASSAU; and JOHN DOES "1 & 2 (individually and in their capacity as employees of the Sheriff's Department County of Nassau)**

If Defendant is found liable to Plaintiff in this action, which Defendant denies, Defendant alleges that such liability is the result, either wholly or in part, of the negligence, acts, or omissions of Co-Defendants County of Nassau; Nassau County Police Department; Nassau County Police Officers Nicole Bettes, Joseph Checco, and Christopher Costello (individually and in their capacity as employees of the Nassau County Police Department); Sheriff's Department County of Nassau; and John Does "1 & 2" (individually and in their capacity as employees of the Sheriff's Department County of Nassau), thereby entitling Defendant to contribution from Co-Defendants County of Nassau; Nassau County Police Department; Nassau County Police Officers Nicole Bettes, Joseph Checco, and Christopher Costello (individually and in their capacity as employees of the Nassau County Police Department); Sheriff's Department County of Nassau; and John Does "1 & 2" (individually and in their capacity as employees of the Sheriff's Department County of Nassau), for such liability.

**WHEREFORE,** Defendant demands judgment dismissing the Verified Complaint herein, together with his costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated: May 3, 2024
New York, New York

LANDMAN CORSI BALLAINE & FORD P.C.

By: /s/***Diane Ruccia***
Diane Ruccia
*Attorneys for Defendant*
*Joshua Kirschner*
120 Broadway 27th Floor
New York, New York 10271
(212) 238-4800
druccia@lcbf.com

TO: John Theodorellis, Esq.
JOHN THEODORELLIS, PLLC
Attorneys for Plaintiff
150 Motor Parkway, Suite 401
Happauge, New York 11788

VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

**DIANE RUCCIA**, being duly sworn, deposes and says that:

She is a member of the firm of Landman Corsi Ballaine & Ford P.C., attorneys for defendant JOSHUA KIRSCHNER in the above-captioned action.

She states that she has read the foregoing VERIFIED ANSWER TO THE VERIFIED COMPLAINT and notes the contents thereof, and that the same is true to her own knowledge, except as to those matters herein stated to be alleged on information and belief and that as to those matters she believes it to be true. The source of deponent's information and the grounds of her belief is information contained within the file relating to this matter.

The reason this verification is made by deponent and not by the defendant is that defendant's residence and principal place of business are located outside the county where deponent maintains her law office.

/s/ ***Diane Ruccia***
**DIANE RUCCIA**